Skip to Main Content  Logout  My Account  Search Menu  Search Civil, Family, Probate and Tax Court Case Records  Refine Search  Back

Location : All Locations    Images   Help

# REGISTER OF ACTIONS
## CASE NO. 19CV00026

| | | |
|---|---|---|
| **Premier Automation Contractors, Inc. vs Everest National Insurance Company** | § § § § § | Case Type: **Contract**<br>Date Filed: **01/02/2019**<br>Location: **Washington** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Everest National Insurance Company<br>PO BOX 830<br>Liberty Corner, NJ 07938 | |
| **Plaintiff** | Premier Automation Contractors, Inc.<br>4099 Dolan Dr.<br>Flint, MI 48504 | DANIEL J DICICCO<br>*Retained*<br>503 967-3996(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 01/02/2019 | **Complaint**<br>  Created: 01/02/2019 10:53 AM | |
| 01/02/2019 | **Service**<br>  Everest National Insurance Company<br>  Created: 01/02/2019 10:53 AM | Unserved |

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** Premier Automation Contractors, Inc. | |
| Total Financial Assessment | 265.00 |
| Total Payments and Credits | 265.00 |
| **Balance Due as of 02/08/2019** | **0.00** |
| 01/02/2019 Transaction Assessment | 265.00 |
| 01/02/2019 xWeb Accessed eFile   Receipt # 2019-01865   Premier Automation Contractors, Inc. | (265.00) |

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

|  |  |
|---|---|
| PREMIER AUTOMATION CONTRACTORS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EVEREST NATIONAL INSURANCE COMPANY, <br><br> Defendant | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT, AND IN THE ALTERNATIVE, FRAUD AND ESTOPPEL.** <br><br> **Prayer Amount: Declaratory and Injunctive Relief** <br><br> **CLAIM NOT SUBJECT TO MANDATORY ARBITRATION** <br><br> Jury Trial Requested |

Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.

Plaintiff is a Michigan corporation in the business of providing skilled trade staffing services to construction companies throughout the United States. On September 26, 2018, an electrician employed by Plaintiff was fatally injured while working on a construction job site in Washington County, Oregon. Defendant Everest National Insurance Company was, at the time, Plaintiff's workers compensation insurance provider. Following the death of the employee, Defendant informed Plaintiff that it denied workers compensation coverage for the incident on the grounds that the subject policy does not cover workers operating in the State of Oregon.

Page 1 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

Plaintiff now seeks a declaratory judgment to interpret the subject insurance policy and to determine that the incident is in fact covered under the terms of the policy.

## JURISDICTION

2.

This court has jurisdiction because this action is brought in accordance with ORS 28.010-28.160, Oregon's Uniform Declaratory Judgments Act, seeking "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations" relevant to Plaintiff. Specifically, ORS 28.030 specifies this Court's power to construe a contract before or after there has been a breach thereof.

Plaintiff is a Michigan corporation doing business throughout the United States including in Oregon. The death of the employee occurred in Washington County, Oregon, and the adjudication of the decedent's workers' compensation benefits will likely fall under the purview of Oregon's workers' compensation system.

Defendant is a Delaware corporation doing business throughout the United States including in Oregon.

## VENUE

3.

Venue is appropriate in Washington County because the death of the employee occurred in this county and because the dispute concerns whether insurance coverage for this event extends to work performed in the State of Oregon.

## BACKGROUND

4.

Page 2 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

1  Plaintiff Premier Automation Contractors, Inc., ("Premier") is a skilled trades staffing service providing skilled workers - such as electricians - to job sites around the country.

5.

Defendant Everest National Insurance Company is a national insurance company that offers workers' compensation insurance, general liability insurance, and other insurance coverage to businesses across the United States.

6.

Plaintiff purchased a workers' compensation insurance policy from Defendant under policy # 8600000097161. That policy was later renewed under policy # 8600000097171 ("the Policy"). The effective date on the Policy ran from 11/3/2017 through 11/3/2018.

7.

The Policy coverage is described in an "Insurance Policy Information Page" which lists, among other information, the coverage period, coverage amount, and covered states. The details of the Policy are described in a multipart agreement attached to the Insurance Policy Information Page.

8.

The Policy Information Page, Item 3.A. lists five States for primary workers' compensation insurance coverage: – CA, KY, MI, NV, and TN. The states are listed as being covered by "Part One" of the Policy, which describes the general conditions and extent of coverage.

9.

"Part Three" of the Policy, entitled "OTHER STATES INSURANCE", describes how the

Page 3 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

Exhibit A
Page 4 of 9

Policy can be extended to provide workers' compensation insurance coverage for work performed in other states if the insured begins work in a state not in the primary coverage area within the effective date of the Policy. Part Three of the Policy reads verbatim:

-----------------------------------------------------------

**PART THREE**

**OTHER STATES INSURANCE**

A. **How This Insurance Applies**

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B. **Notice**

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

-----------------------------------------------------------

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

Exhibit A
Page 5 of 9

**10.**

The Insurance Policy Information Page, Item 3.C., shows a list of each of the 50 states except for the states listed in Item 3.A. of the information page. Oregon (labeled as "OR") is specifically included.

**11.**

On or about September 14, 2018, Plaintiff began preparations to send staff to Oregon to perform work on a job site. Pursuant to Part Three of the Policy, section A.4, Plaintiff notified Defendant of its intent to employ workers in Oregon prior to the start of the job.

**12.**

In response to Plaintiff's notice of its intent to send employees to Oregon, Defendant subsequently filed a "Certificate of Liability Insurance" with the State of Oregon Construction Contractors Board confirming that it provided workers' compensation insurance to Plaintiff via Policy # 8600000097161.

**13.**

On December 6, 2018, approximately 9 weeks after the death of the employee, Defendant transmitted notice to Plaintiff denying that the Policy provides coverage both in Oregon where the incident occurred and in Wisconsin where the decedent resided. This exposes Plaintiff to uninsured liability for the death of the employee both in the workers' compensation system and in common law tort.

**FIRST CLAIM FOR RELIEF**

**(Count I – Declaratory Relief)**

Page 5 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

14.

Plaintiff re-alleges the preceding paragraphs set forth above and incorporates them herein by reference.

15.

Plaintiff complied with all of its duties under the terms of the Policy, including payment of premiums and all notice provisions concerning Other States Insurance as described in Part Three of the Policy.

16.

Defendant has breached its contract with Plaintiff by refusing to honor the terms of the Other States Insurance provisions described in the Policy.

17.

Plaintiff expects the employee's estate to file an Oregon workers' compensation case against it. If the Oregon Workers' Compensation Division determines Plaintiff was a "Non-Compliant Employer" that did not carry workers' compensation insurance, Plaintiff will be exposed to tort liability in addition to administrative penalties. Plaintiff has uncertainty and insecurity with respect to its rights, status, and other legal relations pertaining to the Policy.

**ALTERNATIVE CLAIM FOR RELIEF**

**(Count II – Fraud & Estoppel)**

18.

Plaintiff re-alleges the preceding paragraphs set forth above and incorporates them herein by reference.

Page 6  – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

Exhibit A
Page 7 of 9

**19.**

Defendant knowingly and intentionally deceived Plaintiff into believing that the Policy provided insurance coverage throughout the United States under the "Other States Insurance" section of the Policy. Defendant collected the insurance premiums, provided the State of Oregon with a Certificate of Liability Insurance stating that it provided workers' compensation insurance to Plaintiff, and acted in every way as if it the bargained-for coverage existed during all of its communications with Plaintiff.

**20.**

When Defendant filed a "Certificate of Insurance" with the State of Oregon, Defendant made a material representation to Plaintiff that it provided coverage in the State of Oregon. Plaintiff relied on this representation to send its employee to Oregon to perform work.

**21.**

Defendant failed to reveal or disclose material facts involving the subject matter of the Policy, to wit: that Defendant's interpretation of the Policy was that it did not provide workers' compensation coverage for work performed in Oregon. Defendant's silence created in Plaintiff a false impression that Defendant was providing insurance coverage – an impression that was magnified by the affirmative act of Defendant when it filed the Certificate of Insurance. Defendant knew that its silence would create a false impression in Plaintiff and Defendant intended Plaintiff to rely on that false impression.

**22.**

Plaintiff has suffered a change in position as a result of the representations (or lack

Page 7 – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996

thereof) of Defendant because it is now facing the prospect of defending a wrongful death tort claim and a non-compliant penalty action by the Workers' Compensation Division based on a failure to carry proper workers' compensation insurance.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. Entry of a Judgment on Plaintiff's First Claim for Relief:

    a. Declaring that the Other States Insurance provision of the Policy specifically provides coverage for work performed in the State of Oregon and that Defendant is bound to abide by the terms of the Policy

B. As an alternative to Plaintiff's First Claim for Relief:

    a. Entry of a Judgment that Defendant committed silent fraud against Plaintiff and that the Policy must be affirmed to provide the agreed-upon coverage under the Other States Insurance provisions of the Policy.

    b. Entry of a Judgment that Defendant is equitably estopped from denying coverage under the Other States Insurance provisions of the Policy

    c. Entry of a Judgment that promissory estoppel shall prevent Defendant from denying coverage under the Other States Insurance provisions of the Policy.

C. Such other and further relief as the court deems just and equitable

DATED this __2nd__ day of __January, 2018__

BY: _____

Daniel DiCicco, OSB 073730
dan@ diciccolegal.com
Attorney for Plaintiff

Page 8  – COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Daniel DiCicco
Attorney at Law
205 SE Spokane St, Suite 300
Portland, OR 97202
(503) 967 3996