UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PREMIER AUTOMATION CONTRACTORS, INC., | Case No. 3:19-cv-220-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EVEREST NATIONAL INSURANCE COMPANY, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Premier Automation Contactors, Inc. ("Premier") brought this action seeking a declaratory judgment that it was properly insured for an underlying occurrence in Oregon by Defendant Everest National Insurance Company ("Everest"), or in the alternative, that Everest committed silent fraud against Premier and must be equitably estopped from denying coverage. Premier moves to stay this action under the doctrine established by *Colorado River Water*

Page 1 – OPINION AND ORDER

*Conservation Dist. v. United States*, 424 U.S. 800 (1976), pending resolution of a related state administrative proceeding. Everest opposes the motion, arguing the state administrative proceeding will not resolve the issues raised here.

The court finds the actions are not substantially similar, and the other *Colorado River* factors weigh in favor of a denial of a stay. Accordingly, Premier's motion to stay is DENIED.

*Background*

Premier is a Michigan corporation with its principal place of business in Michigan. (Compl., ECF No. 1, ¶ 7.) Everest is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 8.) Premier is a contracting business that provides skilled workers to a variety of construction companies throughout the United States. (Compl., Ex. A, at 2.) On September 26, 2018, Tim Rios, one of Premier's employees, suffered a fatal injury while working at a job site in Hillsboro, Oregon. (*Id.*; Def.'s Opp'n to Mot. Stay, ECF No. 20 ("Def.'s Opp'n"), at 3.) At the time of Mr. Rios's death, Premier had a liability and workers' compensation insurance policy (the "Policy") with Everest. (Compl. ¶ 10.) Central to the parties' dispute is whether the Policy provided workers' compensation coverage for work in Oregon at the time of Mr. Rios's death. (Compl. ¶ 11.) Everest denies it covered Premier for work in Oregon at the time of Mr. Rios's death. (Def.'s Opp'n, at 2–3.)

On January 2, 2019,[1] Premier filed a complaint in Oregon State Court seeking a declaration that Everest covered Premier for work in Oregon, or alternatively, that Everest engaged in silent fraud and should be estopped from denying coverage. (Compl., Ex. A.) Premier sought to avoid

---

[1] The original complaint shows a date of January 2, 2018. This clearly is a typographical error, as all other documents reference the filing with the correct year—2019.

the prospect of defending a wrongful death suit and avoid facing a "noncompliant employer" penalty assessed by the Oregon State Workers' Compensation Division for failure to carry proper insurance. (Compl., Ex. A, at 8–9.) On February 13, 2019, Everest timely removed the case to this court based on diversity jurisdiction. (Compl., ECF No. 1.)

On January 22, 2019, the State of Oregon entered a final order in a civil penalty action against Premier finding it was a "noncomplying employer." (Pl.'s Mot. Stay, ECF No. 17, at 2.) Premier immediately appealed the order. (*Id.*) The State took no action on the appeal until July 12, 2019, when it assigned the civil penalty action to a State Administrative Law Judge ("ALJ"). (Pl.'s Mot. Stay, Ex. C.) Premier now asks for an indefinite stay of the proceedings in this court pending resolution of the state administrative proceeding.

*Legal Standard*

Generally, the pendency of an action in state court does not bar proceedings concerning the same matter in a federal court having jurisdiction. *McClellan v. Carlan*, 217 U.S. 268, 282 (1910). Rather, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River*, 424 U.S. at 817. However, in the interest of wise judicial administration, a federal court may abstain from exercising its jurisdiction due to the presence of a concurrent state proceeding under certain "limited" and "exceptional" circumstances. *Id.* at 818. Thus, when faced with parallel state and federal proceedings, the court must ascertain whether "exceptional" circumstances and the "clearest of justifications" exist to justify the surrender of jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983).

Several factors are relevant to determining whether abstention is appropriate. The threshold question is whether the parallel proceedings are "substantially similar." *Nakash v.*

*Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993); *see also Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002) ("[I]t is 'dispositive' that the state court judgment will not resolve all of the issues before the federal court[.]"). The remaining non-exclusive factors include those originally considered by the Supreme Court in *Colorado River*: (1) whether either court has assumed jurisdiction over property to the exclusion of other courts; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Colorado River*, 424 U.S. at 818-19. This list of considerations was subsequently expanded by the Supreme Court to include: (5) whether state or federal law provides the rule of decision on the merits; and (6) whether the state-court proceeding can adequately protect the rights of the parties. *Moses*, 460 U.S. at 23, 26. Finally, in the Ninth Circuit, courts also should consider whether exercising jurisdiction would promote forum shopping. *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011).

Determining whether a federal court should abstain from hearing a federal claim because of parallel litigation in state court does not rest on a "mechanical" application of these factors. *Moses*, 460 U.S. at 16. Rather, when considering abstention under the *Colorado River* doctrine, a court should carefully balance these factors as they apply in a given case. *Id.* The weight of these factors may vary greatly from case to case depending on the particular circumstances. *Id.* "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19. Any doubt as to whether a factor

exists should be resolved against a stay. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

*Discussion*

Premier asks the court to stay this proceeding pending the resolution of a parallel state administrative proceeding. In doing so, Premier invokes *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), for the proposition that the court has inherent authority "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Premier then argues that the court should grant a stay using the factored analysis of *Colorado River* without explicitly referring to that case. The court notes at the outset that, where a party has requested a stay based on the existence of a parallel state proceeding, the court should analyze the motion under *Colorado River*, not its inherent power to stay proceedings. *Dufresne's Auto Serv. Inc. v. Shell Oil Co.*, Civ. No. 90-1006-JU, 1991 WL 499880, *2 (D. Or. April 12, 1991).

The first and primary question to answer is whether the federal and state actions are substantially similar and if the state action will resolve the issues in the federal action. The parties dispute the extent of the similarities between the proceedings but appear to agree the same set of facts give rise to both actions. Everest argues state administrative proceedings are *per se* not parallel proceedings within the meaning of *Colorado River*. (Def.'s Opp'n, at 7–8.) Though it is extraordinarily rare to grant a stay based on a parallel state administrative proceeding, the court declines to deny a stay outright simply because the state proceeding is an administrative one.

In the present case, the federal action and the state administrative proceeding have much in common on a fundamental point: each must necessarily decipher whether Premier was insured by Everest in the context of Mr. Rios's death. However, the federal action includes the additional

issue of fraud and estoppel, a contract dispute wholly outside the ALJ's authority to resolve. Similarly, the administrative proceeding involves the noncompliant employer issue, a civil penalty matter not part of the federal action. In this regard, the two proceedings cannot legitimately be considered substantially similar.

Further, the administrative proceeding likely will not resolve all the issues in the federal action. Regardless of how the ALJ might rule on the issue of whether Premier was insured by Everest at the time Mr. Rios's death, the issue might not have preclusive effect in this court. *See United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 422 (1966) (listing out fairness requirements federal courts must consider before allowing collateral estoppel of an issue decided in a state administrative proceeding). Thus, regardless of the outcome of the administrative matter, the parties would likely return to this court to argue the merits a second time if the court granted a stay.

Although Premier's request for *Colorado River* abstention fails on the threshold question, the court also finds the remaining factors weigh against a stay. The first two factors are neutral, as no property is involved and both proceedings are in Portland. Staying this action will not avoid piecemeal litigation and will likely exacerbate the problem. The federal action also began, albeit in state court, before the state initiated any administrative action against Premier. Additionally, this action and the administrative proceeding appear to have made equal progress. While the applicability of state law in this case would ordinarily weigh in favor of a stay, the state ALJ's powers are limited by the Oregon Revised Statutes to chapters 654 through 656, weighing against a stay. OR. REV. STAT. § 656.725. Thus, the state administrative proceeding likely cannot adequately protect the rights of the parties given its limited scope. Finally, forum shopping,

whether occurring or not, holds very little weight given the dissimilarity of both actions.

Substantial doubt exists on the question of whether a judgment in the administrative proceeding will resolve this action. Additionally, the remaining factors are either neutral or support denial of a stay. Considering these findings, and the "virtually unflagging obligation" of this court to exercise its jurisdiction, Premier's motion to stay should be denied.

*Conclusion*

For the reasons stated above, Premier's Motion to Stay (ECF No. 17) is DENIED.

DATED this 17th day of October, 2019.

JOHN V. ACOSTA
United States Magistrate Judge