IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PREMIER AUTOMATION
CONTRACTORS, INC.,

               Plaintiff,

     v.

EVEREST NATIONAL INSURANCE
COMPANY,

               Defendant.

No. 3:19-cv-00220-AR

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation on October 5, 2021, in which he recommends that this Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. F&R, ECF 68. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF No. 74. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to the Magistrate Judge's finding that insurance coverage for its work in Oregon did not exist on September 26, 2018 under Policy No. 860000009721 ("Policy"). Plaintiff agrees with the Magistrate Judge's conclusion that Item 3.C. of the Policy's Information Page included Oregon as a state in which Part Three of the Policy would provide coverage during the 2017-18 policy period. But Plaintiff objects to the finding that it did not provide timely notice after sending workers to Oregon. Next, Plaintiff objects to the Magistrate Judge's finding that Endorsement No. 4 to the Policy was not effective and did not provide retroactive coverage in Oregon during the relevant time period. Lastly, Plaintiff argues that the Magistrate Judge erred in recommending summary judgment for Defendant on Plaintiff's estoppel claim. Defendant opposes Plaintiff's objections.

After reviewing Plaintiff's objections and the relevant facts *de novo*, the Court declines to adopt the Magistrate Judge's Findings and Recommendations. The Court agrees that under its plain terms, work in Oregon was covered under Part Three of the Policy. However, the Court finds that Plaintiff gave timely notice upon starting work in Oregon. Thus, the Court concludes that coverage existed under the Policy when one of Plaintiff's workers suffered a fatal accident in Oregon on September 26, 2018. Consequently, the Court declines to adopt the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted and Plaintiff's motion be denied.

Because the Court determines that Plaintiff's work in Oregon was covered under the Policy at the time of the fatal accident, it need not address Plaintiff's other two objections in order to deny Defendant's motion for summary judgment. Nevertheless, as discussed below, the Court finds that summary judgment should be denied for Defendant on Plaintiff's claim that the amended Policy applied retroactively and on Plaintiff's equitable estoppel claim.

## DISCUSSION

The relevant facts here are summarized in Judge Acosta's Findings and Recommendation. F&R 2-10.

## I.    Work in Oregon Was Covered under "Part Three Other States Insurance"

Under Oregon law, interpreting the terms and conditions of an insurance policy is a matter of law. *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 227 Or. App. 587, 590, 206 P.3d 1091, 1093 (2009), *rev'd*, 353 Or. 112, 293 P.3d 1036 (2012). Courts must determine the parties' intent by examining the terms and conditions of the insurance policy. *Hoffman Const. Co. v. Fred S. James & Co.*, 313 Or. 464, 469, 836 P.2d 703, 706 (1992). In doing so, a court first examines the text of the policy to determine whether it is susceptible to more than one plausible interpretation. *Andres v. Am. Standard Ins. Co.*, 205 Or. App. 419, 423, 134 P.3d 1061 (2006). If the text is not ambiguous, "the policy is interpreted in accordance with that unambiguous meaning." *Id.*

"In interpreting an insurance policy, we seek to ascertain the intent of the parties as interpreted from the perspective of the 'ordinary purchaser of insurance.'" *Capitol Specialty Ins. Corp. v. Chan & Lui, Inc.*, 248 Or. App. 674, 680, 274 P.3d 238, 240 (2012) (quoting *Totten v. New York Life Ins. Co.*, 298 Or. 765, 771, 696 P.2d 1082 (1985)). If the text of an insurance policy is susceptible to more than one interpretation, any doubt as to the meaning of the text is resolved against the insurer. *Id.*

**A.      Item 3.C. Did Not Exclude Coverage in under Part Three of the Policy**

The parties disagree as to the meaning of Item 3.C. and whether states listed under that section were included or excluded from Part Three of the Policy. Item 3.C. provides that Part Three "applies to the states or territories, if any, listed here: All states EXCEPT those listed in item 3.A. of the Information Page and the following states or territories." DiCicco Decl. Ex. 18, ECF 56-18. Item 3.C. then lists Oregon along with every other state and territory in the United States not listed in Item 3.A. *Id.* Section A.1. of Part Three specifies: "This other states insurance applies only if one or more states are *shown* in Item 3.C." (emphasis added). *Id.* Next, Part Three, Section A.2. states: "If you begin work in any one of those states . . . all provisions of the policy will apply[.]" *Id.*

The Magistrate Judge found that because Oregon is identified in Item 3.C., Plaintiff's work in Oregon was eligible for coverage under Part Three of the Policy. The Court agrees.

The Court finds that the terms of Item 3.C. cannot be reconciled with the terms under Part Three, Sections A.1. and A.2. The plain language of Item 3.C. suggests that the listed states are excluded from coverage under Part Three. Yet Part Three conveys that states "shown" under Item 3.C. are eligible for coverage.

The Court concludes that the language in Part Three governs for two reasons. First, any ambiguity in an insurance contract must be construed against the insurer. *See Capitol Specialty Ins. Corp.,* 248 Or. App. at 680. Because Item 3.C. contradicts Part Three, the Policy is ambiguous as to whether listed states are included or excluded under Part Three. Therefore, construing the ambiguity against Defendant, the Court finds that work in Oregon—a state "shown" in Item 3.C.—was covered under Part Three.

Second, when the terms of an insurance contract are unclear, the Court must give the "term[s] meaning in the context of the present dispute." *Hoffman Const. Co.*, 313 Or. at 469. In previous years, Plaintiff sent workers to certain states that were "shown" in Item 3.C. Rather than deny coverage in those states, Defendant's practice was to add those states to Item 3.A. and apply coverage retroactively. If Defendant intended to exclude coverage in states listed in Item 3.C., Plaintiff would have needed to amend the Policy before sending workers into any new state. But because Defendant routinely covered work that Plaintiff performed in states listed in Item 3.C., the Court construes Item 3.C. and Part Three as providing coverage for work in Oregon under the Policy.

### B.    Plaintiff Provided Adequate Notice of Its Work in Oregon

Despite his finding that Oregon was included under Part Three of the Policy, the Magistrate Judge determined that Plaintiff was *not* covered for work in Oregon at the time of the fatal accident because it did not comply with Part Three's notice requirements. The Court disagrees.[1]

Part Three, Section A.4. indicates that "coverage will not be afforded for that state unless we are notified within thirty days" for work in states covered under Part Three. DiCicco Decl. Ex. 18. Part Three, Section B (entitled "Notice") states: "Tell us *at once* if you begin work in any state listed in Item 3.C." *Id.* (emphasis added). Plaintiff's employees began work in Oregon on September 7, 2018. Plaintiff first notified Defendant that they had workers in Oregon on September 28, 2018, two days after the fatal accident.

---

[1] In its motion for summary judgment, Defendant does not argue that Plaintiff failed to provide adequate notice of its work in Oregon. Rather, Defendant argues that it had a right to deny coverage because Oregon was not included in Item 3.A. or Item 3.C. of the Policy.

The Magistrate Judge parses the meaning of the words "at once" to conclude that Plaintiff should have notified Defendant immediately when it started work in Oregon. But the Court finds that based on the plain language of the Policy, Plaintiff had 30 days to notify Defendant after starting work in Oregon. Part Three, Section A.4 governs the notice requirement as it states: "coverage *will not be afforded unless* we are notified within thirty days." In contrast, section B includes the words "[t]ell us at once," but without stating any consequence for not doing so. In addition, the words "at once" are too ambiguous to constitute a notice requirement. Section A.4 unambiguously and definitively provides a 30-day notice requirement for work in a particular state to be covered under Part Three of the Policy. Because Plaintiff notified Defendant 21 days after beginning work in Oregon, it complied with Part Three's notice requirement.

Thus, the Policy covered Plaintiff's work in Oregon during the relevant time period. The Court grants summary judgment for Plaintiff on this basis.

## II.     Questions of Fact Prevent the Court from Determining Whether Endorsement No. 4 Provided Retroactive Coverage in Oregon

On April 30, 2019, Defendant issued Endorsement No. 4, which amended Plaintiff's 2017-18 Policy for the effective dates of November 3, 2017 to November 3, 2018. The amended Policy added Oregon to Item 3.A. so that it would be covered under Part One of the policy. On the same day, Defendant notified the National Counsel of Compensation Insurance ("NCCI") and the Oregon's Workers Compensation Division that the Policy covered Plaintiff's work in Oregon during the 2017-18 policy year. On May 15, 2019, Defendant voided Endorsement No. 4 and notified Plaintiff that the endorsement was issued in error. Based on these facts, the Magistrate Judge concluded that Endorsement No. 4 did not create a binding insurance contract because the parties did not mutually assent to amending the Policy.

Under Oregon law, to determine the terms of a contract, courts look to "the parties' objective manifestations of intent, evinced by their communications and acts." *Ken Hood Constr. v. Pac. Coast Constr.*, 201 Or. App. 568, 578, 120 P.3d 6, 11 (2005). Mutual assent may be expressed in words or inferred from the actions of the parties. *Gordon v. Curtis Brothers,* 119 Or. 55, 62–63, 248 P. 158 (1926). Whether a contract to provide insurance was formed between two parties is a question of law for the Court. *Employers Ins. of Wausau v. Tektronix, Inc.,* 211 Or. App. 485, 503, 156 P.3d 105 (2007). But whether a particular statement or act is a manifestation of assent is a question of fact. *Bennett v. Farmer Ins. Co.*, 332 Or. 138, 148, 26 P.3d 785, 792 (2001).

According to the Magistrate Judge, when Defendant discovered the endorsement had been issued by mistake, it revoked its offer to amend the Policy. But the Court finds that whether Defendant's actions in issuing the endorsement, notifying NCCI and Oregon's Workers Compensation Division, and sending a premium adjustment bill to Plaintiff were manifestations of assent to amend the insurance contract are questions of fact. Accordingly, the Court declines to adopt the Magistrate's recommendation that summary judgment be granting for Defendant on Plaintiff's breach of contract claim with respect to Endorsement No. 4.

## III.    Coverage by Estoppel

The Magistrate Judge rejected Plaintiff's argument that Defendant should be equitably estopped from denying that coverage existed under the Policy. Plaintiff asserts that it reasonably relied on its prior course of dealings with Defendant when it decided to expand its operations into Oregon. Plaintiff claims that Defendant's pattern and practice of retroactively adding coverage for Plaintiff's work in new states caused Plaintiff to assume it would be covered under the Policy when it sent workers to Oregon. In rejecting Plaintiff's argument, the Magistrate

Judge noted that in Oregon, the doctrine of estoppel "cannot be invoked to expand insurance coverage or the scope of an insurance contract." *ABCD . . . Vision, Inc. v. Fireman's Fund Ins. Cos.*, 304 Or. 301, 306, 744 P.2d 998, 1001 (1987). Thus, the Magistrate Judge found that Plaintiff failed to create an issue of material fact necessary to preclude summary judgment for Defendant on its estoppel claim. The Court disagrees.

The Court holds that estoppel would not expand insurance coverage in this case. The "Other States Insurance" provisions in the Policy contemplate that Plaintiff's work in new states will be covered. The Court finds that fact issues preclude granting summary judgment for Defendant on Plaintiff's estoppel claim. In particular, whether Plaintiff reasonably relied on Defendant's representation that its work would be covered in Oregon is question of fact. Thus, the Court declines to adopt the Magistrate Judge's recommendation that summary judgment is granted for Defendant on Plaintiff's estoppel claim.

## CONCLUSION

The Court declines to adopt Magistrate Judge Acosta's Findings and Recommendation [68]. Therefore, Plaintiff's Motion for Summary Judgment [59] is GRANTED and Defendant's Motion for Summary Judgment [51] is DENIED.

IT IS SO ORDERED.

DATED:   March 24, 2022        .

MARCO A. HERNÁNDEZ
United States District Judge